UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNESTO REYES HERNANDEZ,

        *Petitioner,*

v.                                  Case No. 3:26-cv-1885-JEP-PDB

FIELD OFFICER DIRECTOR, et al.,

        *Respondents.*

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that his continuous detention since April 18, 2026, violates the Fifth Amendment's Due Process Clause because he has "established [a] legal right to remain in the U.S. that the government is ignoring." (*Id.* at 7). He advises that he does not want a bond hearing because he knows bond will be denied due to his criminal charges, so he asks this Court to order his immediate release. (*Id.* at 7-8).

Initially, it appears likely that Petitioner did not personally sign the petition. The "signature" does not have any resemblance to Petitioner's name (*id.* at 9), and the mailing envelope reflects the petition was mailed from another individual in Tampa, Florida (*id.* at 10). An "[a]pplication for a writ of

habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Additionally, Federal Rule of Civil Procedure 11(a) provides, "Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Thus, Petitioner must personally sign all filings unless he is represented by counsel.

Nevertheless, if Petitioner is currently detained under 8 U.S.C. § 1225(b)(2)(A), this Court previously has rejected detainees' claims that their mandatory detention under § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Lopez v. Dir. of Enf't & Removal Operations*, 817 F. Supp. 3d 1260, 1278 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-CV-1617-JEP-PDB, 2026 WL 958794, at *4 (M.D. Fla. Mar. 27, 2026). While the Eleventh Circuit Court of Appeals recently addressed a statutory challenge to mandatory detention under the Immigration and Nationality Act ("INA"), the Eleventh Circuit did not address any due process claim. *See Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026). Thus, while this Court is bound by the Eleventh Circuit's decision on claims arising under the INA, it likely would follow its prior decisions on due process challenges unless presented with a reason to change course in a particular case. Petitioner's conclusory assertion that he has a "legal right to remain," without any supporting factual allegations, is insufficient to warrant a different result.

On the other hand, if Petitioner is currently detained under 8 U.S.C. § 1226, he may be entitled to a bond hearing—not immediate release. Indeed, § 1226(a)(1) grants the executive branch discretion to determine whether to detain or release an alien who is facing removal proceedings. Because Petitioner clearly seeks release only—relief to which he is not automatically entitled under § 1226(a)—the petition will be dismissed.

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate any motions as moot, enter judgment dismissing the petition without prejudice, and close the file.

3. The Clerk is further **DIRECTED** to send Petitioner a blank § 2241 habeas petition form. Petitioner should use the form if he decides to initiate a new case in this Court. He should not put this case number on the form, because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in Jacksonville, Florida, on August 7, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

3

c:
pro se Petitioner

4